Miller v. Woods.

---

JOHN MILLER, PLAINTIFF IN ERROR, v. ISRAEL WOODS ET AL., DEFENDANTS IN ERROR.

1. **False Imprisonment**: PLEADING. In an action for false imprisonment for arresting and imprisoning the plaintiff for the want of bail, on a charge of assault and battery, the complaint, warrant, and mittimus will not be held void for the want of an allegation in the complaint of the time and place of the assault and battery, or that the same was unlawfully committed.

2. ——: ——. In such case, *Held*, Sufficient, if the complaint, warrant, and mittimus contain the substance of the charge.

ERROR to the district court for Frontier county. Tried below before GASLIN, J.

*J. Byron Jennings*, for plaintiff in error, cited: *Ex parte Eads*, 17 Neb., 146. *In re Balcom*, 12 Id., 317. *State v. Ensign*, 11 Id., 532. *Sewall v. State*, Wright, 483. *Wasson v. Canfield*, 6 Blackf., 409. *State v. Hinkle*, 27 Kan., 311. *Com. v. Barney*, 10 Cush., 480. *State v. Warren*, 14 Tex., 407. Warren's Ohio Criminal Law, 55.

*George H. Stewart* and *Sinclair & Cook*, for defendants in error, cited: *Franklin v. State*, 8 N. E. Rep., 695. *Ex parte Maule*, 19 Neb., 273. *State v. Hurds*, 19 Id., 317. *Shular v. State*, 4 N. E. Rep., 870. *Ex parte Johnson*, 15 Neb., 513.

COBB, J.

This was an action for false imprisonment, brought by John Miller, the plaintiff in error, against Israel Woods, Mortimer H. Clifford, William H. Miles, and Carroll C. Roberts, defendants. Woods and Roberts answered by a general denial. William H. Miles answered, alleging that he was sheriff of Frontier county; that on the 26th day of December, 1887, a warrant was issued under his hand by Mortimer Clifford, a justice of the peace of said county of Frontier, directed to the sheriff or any constable of said county, and was then and there delivered to said defendant as such officer, whereby he was required to arrest the plaintiff. The warrant in substance recited that said plaintiff was charged with and required to answer the crime of unlawfully attacking J. S. Ackerson with a club, with intent to do him great bodily harm, with the intent to kill him, the said J. S. Ackerson, on the 23d day of December, 1884, in said county of Frontier aforesaid; that by virtue of said warrant the said defendant did arrest the said plaintiff, and took him before said Mortimer Clifford, justice of the peace, to answer said charge; that on the 30th day of December, 1884, the said plaintiff was brought before said justice of the peace, to answer said complaint, and the said plaintiff did, then and there, waive examination of said charge, and was, then and there, committed to the jail of said county of Frontier in default of bail, and the acts above set forth are the same of which the plaintiff complains in his petition. And a general denial.

The said Mortimer Clifford made answer, alleging that before, and at the time stated in said petition, the said defendant was a justice of the peace in and for Frontier county; that on or about the 26th day of December, 1884, said defendant issued a warrant, after complaint therefor had been duly made, sworn to, and filed, for the arrest of the said plaintiff, to answer the crime of going to the house of J. S. Ackerson and attacking him with a club and striking said Ackerson over the head with said club with intent to do him great bodily injury, in the said county of Frontier, on the 24th day of December, 1884, and delivered the same to the sheriff of Frontier county; that on the 30th day of December, 1884, the said plaintiff being brought before him, the said answering defendant, as justice of the peace as aforesaid, on said warrant, to answer said charge, then and there waived examination upon said charge, and was, then and there, by said defendant, as justice of the peace, required to enter into a recognizance, with good and sufficient security, conditioned for his appearance at the next term of the district court, to be holden in and for said county, to answer said charge, in default of which he was committed to the keeper of the common jail of said Frontier county; and the acts above set forth are the same of which the plaintiff complains in his petition; with a general denial as to the other allegations of the said petition.

There was a trial to a jury, with verdict and judgment for the defendants. The cause is brought to this court on error by the plaintiff, who assigns the following errors:

1. The verdict is contrary to the evidence.

2. The verdict is contrary to the law of the case.

3. The court erred in admitting in evidence the original complaint upon which the plaintiff was arrested, over the plaintiff's objection.

4. The court erred in admitting in evidence the original warrant upon which the plaintiff was arrested, over plaintiff's objections.

5. The court erred in admitting in evidence the copy of the original mittimus upon which plaintiff was detained, over plaintiff's objections.

6. The court erred in refusing to give the 1st and 2d instructions asked by plaintiff.

7. The court erred in giving to the jury instruction No. — on its own motion, over plaintiff's exception.

8. The court erred in overruling plaintiff's motion for a new trial.

Upon the trial there was evidence tending to prove that the original complaint made, signed, and sworn to by defendants, Wood and Roberts, and presented to the defendant, Mortimer H. Clifford, as justice of the peace, and upon which the original warrant against the plaintiff was issued, had been lost and could not be found, and it was mutually agreed by and between the parties that the copy of said complaint, as recorded in the docket of said justice, now in possession of Justice Fenton, his successor, is a true copy of said complaint, whereupon said copy was offered and received in evidence on the part of the defendants. The following is a copy of said docket entry:

"STATE OF NEBRASKA
vs.
JOHN MILLER.

"In justice's court, before M. H. Clifford, December 24, 1884.

"On this day Israel Wood and C. C. Roberts made complaint in writing and upon oath, signed by said complainants as follows:

"'That one John Miller did on the night of the 23d go to J. S. Ackerson's house and attack him with a club, and strike him, Ackerson, over the head with said club with the intent to do him great bodily harm,' which complaint is filed according to law. Before issuing the warrant I required of said complainants to acknowledge himself responsible for costs if the complaint should be dismissed.

"Thereupon the said Israel Wood and C. C. Roberts signed the following: 'We hereby acknowledge ourselves responsible for costs in case the complaint is dismissed.

"'ISRAEL WOOD AND

"'C. C. ROBERTS.'

"Dated December 24, 1884."

The defendants also offered the original warrant issued by said defendant Clifford, as justice of the peace, for the arrest of the plaintiff, together with the return thereon, which was received in evidence. The following are copies of the said warrant and return:

"THE STATE OF NEBRASKA,  }
    FRONTIER COUNTY.        }

"*To the sheriff or any constable of said county:*

"Whereas, Israel Woods and C. C. Roberts have made complaint in writing and upon oath before me, one of the justices of the peace in and for said county, that John Miller, late of said county, did on or about the 23d day of December, 1884, at the county of Frontier, the said John Miller did on the night of the 23d go to J. S. Ackerson's house and attack him with a club, with the intention of doing him great bodily harm, with intent to kill said J. S. Ackerson. You are therefore commanded forthwith to take said John Miller and bring him before me, or some other magistrate having cognizance of the case, to be dealt with according to law. Given under my hand this 24th day of December, 1884.

"(Signed),         M. H. CLIFFORD,

"*Justice of the Peace.*"

(Return): "The State of Nebraska v. John Miller. Received this warrant this 24th day of December, 1884.

"December 25, 1884, I took the body of John Miller, within named, and have him before the justice named within.    *    *    *

"W. H. MILES,

"*Sheriff.*"

The defendants also introduced the mittimus issued by said justice of the peace to the said sheriff, as the keeper of the common jail of said county, for the detention of the said plaintiff, together with the return of said sheriff of the said mittimus thereon endorsed, which were received in evidence, and which I here copy :

"STATE OF NEBRASKA,  } ss.
  FRONTIER COUNTY.    }

" *To the keeper of the common jail of said county:*

"Whereas, John Miller has been arrested on the complaint in writing, signed and sworn to by Israel Woods and C. C. Roberts, did on the night of the 23d of December, 1884, go to J. S. Ackerson's house and attacked him with a club, and struck him, Ackerson, over the head with said club with the intention to do great bodily harm, and waived examination before me, M. H. Clifford, a justice of the peace, and required to give bail in the sum of $5,000 (five thousand), for his appearance to the district court of said county on the first day of the next term thereof, to answer said charge, which requirement he has failed to complying. In the name of the state of Nebraska I therefore command you to receive the said John Miller into your custody in the jail of said county, there to remain until discharged by due course of law.

"Given under my hand this 30th day of December, 1884.

"M. H. CLIFFORD,
" *Justice of the Peace.*"

"As commanded, I took in my custody John Miller, within named, this 30th day of December, 1884, and held him as directed up to the 8th day of April, 1885. John Miller was then turned loose by Judge W. H. Allen, county judge.

"WILLIAM H. MILES,
" *Sheriff.*"

The court charged the jury as follows: "The complaint, warrant, and mittimus upon which the arrest of plaintiff was made and imprisoned are not void, and you must find for the defendants, unless you find that they, or some of them, acted wantonly, oppressively, and exceeded the proper part, by them each acted, in causing and procuring the arrest and holding in custody the plaintiff on the charge specified in the complaint, warrant, and mittimus. And if you find that the defendants acted in good faith, without oppression, you will find for the defendants. The justice's court had jurisdiction over the case charged against the plaintiff, in which he was arrested and held under the said mittimus; and the complaint, warrant, and mittimus are sufficient to protect the defendants if they acted in good faith."

The plaintiff requested the court to give to the jury the following instructions, which the court refused to do:

"1st. The defendants herein claim that their acts in arresting plaintiff herein and restraining him of his liberty, as claimed by plaintiff, were justified by virtue of a complaint, signed and sworn to by the defendants, Woods and Roberts, as complainants, and by virtue of a judgment of the defendant, Clifford, as a justice of the peace, rendered upon said complaint, requiring the plaintiff to enter into a recognizance in the sum of $5,000 for his appearance before the district court of Frontier county, Nebraska, and by virtue of a mittimus duly signed by said Clifford, as such justice of the peace, upon said judgment, and delivered to the defendant, Miles, as sheriff of said county, under and by virtue of which said complaint, judgment, and mittimus, plaintiff was arrested and restrained of his liberty, as claimed by him herein.

"You are instructed by the court that said Clifford, as such justice of the peace, had jurisdiction under the statutes of Nebraska to hear and finally determine the offense charged against the plaintiff in said complaint, judgment,

and mittimus, and to discharge or finally punish the plaintiff under said complaint.

"But that said justice of the peace had no jurisdiction whatever over the matter, to require the plaintiff herein to enter into a recognizance, in any sum whatever, for his appearance before the district court, on the charge contained in said complaint, judgment, and mittimus.

"That said judgment and mittimus were and are absolutely void, and the defendants herein, who signed said complaint, and the justice of the peace, defendant herein, who entered up said judgment requiring plaintiff to enter into said recognizance and issued said mittimus, and the sheriff, defendant herein, who arrested plaintiff under said mittimus, and restrained him of his liberty, are all trespassers and liable to the plaintiff in an action of trespass, in damages for the arrest and imprisonment; and the process is no protection to the officer making the arrest, nor the justice issuing the same, nor to the parties who signed the complaint and procured the issuance of said mittimus.

"2d. The mittimus in this case was illegal and void upon its face; and all the defendants herein who aided or commanded the arrest or imprisonment of the plaintiff, by virtue of the same, or who arrested or imprisoned the plaintiff under said mittimus, are trespassers therefor, and equally liable as such to the plaintiff in this action."

The rulings of the court in admitting in evidence the copy of the original complaint, and the warrant and mittimus, and in giving and refusing instructions as above, present all the questions necessary to be considered.

It may be admitted for the purposes of this case, that, if the complaint was absolutely void on its face, the court erred, not only in admitting it in evidence to the jury, but also in its charge to the jury. It may also be admitted that the complaint is informal, and had it been objected to before the justice, and its informality timely pointed out, it would probably have been quashed, but in

that case there would probably have been a new complaint made, in which such informality would have been avoided, so that there would not have been a failure of justice; otherwise the defendant therein, plaintiff in this action, would have been discharged, and the alleged injury for which this action is brought would not have been inflicted. But it appears that no objection was made to the jurisdiction of the court, or to the regularity of the proceedings, but that on the contrary an examination of the charge before the magistrate was waived. In other words, the truth of the charge, for the purposes of the proceedings of the magistrate, was confessed to be true. The complaint as well as the warrant and mittimus, are now attacked in a collateral proceeding. In such proceeding I think the plaintiff can take advantage only of substantial defects in the complaint, and not of matters of form.

The section of the statute under which the plaintiff was arrested and imprisoned is section 17 of the criminal code, as follows:

"Sec. 17. If any person shall unlawfully assault or threaten another in a menacing manner, or shall unlawfully strike or wound another, the person so offending shall, upon conviction thereof, be fined in any sum not exceeding one hundred dollars, or imprisoned in the jail of the county not exceeding three months, or both, in the discretion of the court, and shall, moreover, be liable to the suit of the party injured."

By reference to the copy of the complaint it will be found to contain the substance of a charge against the plaintiff herein for the violation of the above section; that he did attack J. S. Ackerson and strike him with a club. This constitutes the substance of the charge. The date and place of the commission of the offense, though material to the sufficiency of the complaint, if directly attacked, yet are immaterial in a collateral proceeding, as I conceive. The complaint, it is true, does not contain the word " un-

lawfully," as does the section of the statute, but I do not think this a fatal objection, when raised in a collateral proceeding, as it probably would have been, if raised in the proceedings before the justice. If it could be conceived that under any circumstances or state of facts it would have been lawful for the plaintiff to "attack J. S. Ackerson with a club, and strike him over the head with said club," then it might be held to be of the substance of the complaint, that it contain the word "unlawfully," in order to show that the case did not fall within such circumstances.

No fault is found by plaintiff in the brief with the warrant issued by the justice for the arrest of the plaintiff. But he does in general terms attack the mittimus, but he does not point out the respect in which it fails to comply with the law. I have examined the numerous cases cited by counsel for the plaintiff, and fail to find any case which goes to the extent of holding that, in a collateral action, a complaint or indictment will be held to be void for failure to charge an offense in the precise words of the statute, or for failure to state the time or place of the commission of such offense.

Although there is no point made in the case upon the amount of bail demanded by the justice of the plaintiff, I desire to say, for the benefit of the lower courts, that sight should not be lost of the provision of our constitution, that "excessive bail shall not be required." Const., Art. I., Sec. 9.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.