COLUMBUS C. VENNUM ET AL. V. GEORGE HUSTON.

FILED NOVEMBER 8, 1893.    No. 5278.

1. **Malicious Prosecution**: ACTION AGAINST JUSTICE, CONSTABLE, AND WITNESS: VENUE. Section 54 of the Code of Civil Procedure provides: "Actions for the following causes must be brought in the county where the cause [of action], or some part thereof, arose: * * * Second—An action against a public officer for an act done by him in virtue or under color of his office, or for neglect of his official duty." Accordingly, where, in a suit for malicious prosecution brought in Webster county against a prosecuting witness, justice of the peace, and constable, it appeared that the complaint was sworn out in Hitchcock county and filed there with the justice of the peace,

who issued a warrant for plaintiff, and deputed the constable to execute it, and he arrested the plaintiff in Webster county, and took him before the justice in Hitchcock county, who examined and committed plaintiff to jail, *held*, (1) that plaintiff's cause of action was his alleged malicious prosecution by the defendants; (2) that, as the plaintiff was arrested in Webster county, a part of his cause of action arose there, and that the suit was rightly brought in that county; and (3) that the court had jurisdiction over the defendants summoned in Hitchcock county, although no defendant to the suit resided in, or was summoned in, Webster county. *McNee v. Sewell*, 14 Neb., 532, followed.

2. ———: ———: THE COMPLAINT AND WARRANT in the criminal prosecution, alleged to have been malicious, examined herein and *held* to state the substance of the charge, and to be sufficient when attacked collaterally.

3. ———: JUSTICES OF THE PEACE: LIABILITY FOR MALICE IN ISSUING WARRANT. A justice of the peace, in deciding upon the sufficiency of a complaint made before him, charging another with a crime, and in issuing a warrant of arrest for the party accused, acts judicially; and if he does so in good faith, with pure motives and without malice, he is not liable therefor if he had jurisdiction of the offense charged, and the complaint was not absolutely void.

4. ———: LIABILITY OF PROSECUTING WITNESS: ALLEGATIONS AND PROOF. To render a prosecuting witness liable in an action for malicious prosecution, it must be alleged and proved that his conduct in the premises was inspired by malicious motives and was without probable cause. *Dreyfus v. Aul*, 29 Neb., 191, followed.

ERROR from the district court of Webster county. Tried below before BEALL, J.

The facts are stated in the opinion.

*W. S. Morlan*, for plaintiffs in error:

The district court of Webster county was without jurisdiction. The action cannot be maintained against N. T. Jones, justice of the peace, outside of Hitchcock county. (Code, sec. 54; *Clay v. Hoysradt*, 8 Kan., 80; *Graham v. Smith*, 62 Mich., 147; *Cobbey v. Wright*, 23 Neb., 250;

*Dunn v. Hazlett,* 4 O. St., 436 ; *Lamson Consolidated Store Service Co. v. Hart,* 5 N. Y. Supp., 889; *People v. Kingsley,* 8 Hun [N. Y.], 233 ; *Wintjen v. Verges,* 10 Hun [N. Y.], 576; *People v. Hayes,* 7 How. Pr. [N. Y.], 248; *Veeder v. Baker,* 83 N. Y., 156 ; *Dunn v. Haines,* 17 Neb., 563 ; *Cobbey v. Wright,* 29 Neb., 277 ; *Birmingham Iron Foundry v. Hatfield,* 43 N. Y., 227.)

The complaint filed with the justice was not void. He had jurisdiction. (Criminal Code, sec. 412; *Miller v. Woods,* 23 Neb., 200 ; Maxwell, Jus. Pr. [4th ed.], 806–808 ; *Hunt v. Hunt,* 72 N. Y., 217 ; *Austin v. Vrooman,* 28 N. E. Rep. [N. Y.], 478.)

For a mere error of judgment in the execution of his office no action can be maintained against a judge of any court. (*State v. Wolever,* 26 N. E. Rep. [Ind.], 765; *Gillett v. Thiebold,* 9 Kan., 427 ; *Yates v. Lansing,* 9 Johns. [N. Y.], 395 ; *Stone v. Graves,* 8 Mo., 148 ; *Lange v. Benedict,* 73 N. Y., 12 ; *Reid v. Hood,* 2 N. & Mc. [S. Car.], 168 ; *Brooks v. Mangan,* 49 N. W. Rep. [Mich.], 633 ; *Jennings v. Thompson,* 22 Atl. Rep. [N. J.], 1008 ; *Going v. Dinwiddie,* 25 Pac. Rep. [Cal.], 129.)

Judicial officers, acting within the limit of their jurisdiction, are not liable for their acts, though illegal or erroneous, unless they act from corrupt motives. (*Yates v. Lansing,* 5 Johns. [N. Y.], 282; *Hill v. Sellick,* 21 Barb. [N. Y.], 207; *Willis v. Havemeyer,* 5 Duer [N. Y.], 447; *Seaman v. Patten,* 2 Caines Rep. [N. Y.], 312; *Reed v. Conway,* 20 Mo., 22; *Morris v. Reynolds,* 2 Ld. Raym. [Eng.], 857 ; *Harman v. Brotherson,* 1 Den. [N. Y.], 537; *Kendall v. Stokes,* 3 How. [U. S.], 87 ; *Craig v. Burnett,* 32 Ala., 728 ; *Briggs v. Wardwell,* 10 Mass., 356 ; *Wall v. Trumbull,* 16 Mich., 228 ; *Hammond v. Howell,* 1 Mod. Rep. [Eng.], 184; *Kemp v. Neville,* 10 C. B. N. S. [Eng.], 523.)

So far as the evidence and pleadings are concerned, the defendant Vennum, under the advice of the county attor-

ney, went before the justice of the peace and filed his complaint in writing, and did no other act connected with said criminal prosecution. To be liable for false imprisonment he must do more than this. (*Steuer v. State*, 59 Wis., 472; *Grinham v. Willey*, 4 Hurl. & Nor. [Eng.], 496; *Beaty v. Perkins*, 6 Wend. [N. Y.], 382; *Barber v. Rollinson*, 1 Cromp. & Mees. [Eng.], 330; *Von Lotham v. Libby*, 38 Barb. [N. Y.], 345; *Carratt v. Morley*, 1 Q. B. [Eng.], 18; *Murphy v. Walters*, 34 Mich., 180; *West v. Smallwood*, 3 Mees. & Wels. [Eng.], 418.)

*J. M. Chaffin* and *George R. Chaney, contra:*

The district court of Webster county had jurisdiction of the parties defendant and the subject-matter of the action, under the allegations of the petition. The action is against three persons, jointly and severally, for a joint and several trespass committed upon the person of the defendant in error, and for which they are jointly and severally liable. (*Painter v. Ives*, 4 Neb., 122; *Comfort v. Fulton*, 39 Barb. [N. Y.], 56; *Judson v. Cook*, 11 Barb. [N. Y.], 644; *Forbes v. Hicks*, 27 Neb., 117.)

Jones was a public officer within the meaning of section 54 of the Code, and while he did no act outside of Hitchcock county in person, he put the machinery of the law in motion, so that the trespass was committed, through his instrumentality, in Webster county. But for this pretended warrant, with his official signature affixed thereto, no arrest would have been made. The statute does not contemplate that each one of several joint trespassers, nor the particular public officer through whose instrumentality a cause of action may arise, must appear in person and do some official act in each county where some part of the cause may arise. If by his official act a cause of action arise against him in more than one county, he may be sued in any one of the counties where any part of the cause arose, though he may not have appeared in person in that county to do

any official act.   We therefore contend that the district court had jurisdiction over both Jones and Morton by reason of their respective official positions, and the several acts done by each, as set forth in the petition. (*McNee v. Sewell*, 14 Neb., 532; *Clay v. Hoysradt*, 80 Kan., 80; *Fay v. Edmiston*, 28 Kan., 108; *People v. Kingsley*, 8 Hun [N. Y.], 234; *Wintjen v. Verges*, 10 Hun [N. Y.], 576.)

The complaint was absolutely void. (*Smith v. State*, 21 Neb., 556; *Hauss v. Kohlar*, 25 Kan., 644; *Forbes v. Hicks*, 27 Neb., 116.)

The complaint and all proceedings under it were void, and the plaintiffs in error are liable. (*Prell v. McDonald*, 7 Kan., 454; *Bauer v. Clay*, 8 Kan., 583; *Hauss v. Kohlar*, 25 Kan., 644; *Forbes v. Hicks*, 27 Neb., 111.)

The justice acted ministerially in filing the complaint and issuing the warrant, and is liable to the party injured thereby. (*Rouss v. Wright*, 14 Neb., 458; *Wright v. Rouss*, 18 Neb., 234.)

It is urged that the justice had jurisdiction of this class of offenses, as examining magistrate, and, therefore, having jurisdiction of the subject of the criminal action, he is not liable for mistake of official and judicial judgment.   His jurisdiction, however, is conferred by a complaint, a jurisdictional paper.   Without the filing of a complaint, he could have no jurisdiction of this class of cases. (Criminal Code, sec. 280; *Comfort v. Fulton*, 39 Barb. [N. Y.], 56; *Miller v. Woods*, 23 Neb., 208; *Hauss v. Kohlar*, 25 Kan., 640.)

Neither can he acquire jurisdiction by deciding that he has it.   In all such cases he decides at his peril. (Cooley, Torts, sec. 416; *Prosser v. Secur*, 5 Barb. [N. Y.], 607; *Noyes v. Butler*, 6 Barb. [N. Y.], 613.)

The statute prescribes the mode of acquiring jurisdiction, and such mode must be complied with or the proceeding is void. (Criminal Code, sec. 286; *People v. Board of Police*, 26 Barb. [N. Y.], 485; *McDermott v. Board of Police*, 25 Barb. [N. Y.], 635.)

RAGAN, C.

George Huston sued N. T. Jones, Columbus C. Vennum, and T. E. Morton in the district court of Webster county for false imprisonment and malicious prosecution, and in his petition alleged that on the 26th day of August, 1890, Jones was a justice of the peace of Hitchcock county; that Vennum and Morton were residents of said county, and that the plaintiff Huston was a resident of and in said Webster county; that on said day, Vennum, intending to harass, vex, and annoy plaintiff and scare him into giving security on a note, went before the said Jones, as such justice of the peace, and falsely, maliciously, and without any reasonable or probable cause, made a complaint in writing, under oath, in which he charged, or attempted to charge, the plaintiff Huston with the crime of having, in said county, in the year 1890, obtained possession of valuable papers by false pretenses and misrepresentations; that said complaint did not, as a matter of fact, charge plaintiff with any crime or offense known to the law; that thereupon said justice, acting in virtue of his office, issued what he termed and styled a "state warrant," in writing, for the arrest of the plaintiff, and delivered the same to the defendant Morton; that said pretended warrant did not charge said plaintiff Huston with the commission of any crime known to the laws of Nebraska, and was void on its face; that the said Jones, in his official capacity as justice of the peace, proceeded to deputize and appoint said Morton a special constable to serve said warrant, and that said justice had no lawful power or authority to make any such appointment, and that the same was void; that the said Morton accepted said pretended appointment, and with said warrant arrested plaintiff in Webster county and took him before said justice in Hitchcock county, who, acting in his official capacity, arraigned the plaintiff, and, after examination, bound him over to the district court; and plaintiff refusing to give bail,

the said justice committed him to jail, from which he was afterwards released by *habeas corpus* proceedings. There was no service upon, or appearance by, defendant Morton. Summons was issued from the district court of Webster county, and served upon Vennum and Jones in Hitchcock county, where they resided. There was a verdict and judgment against Vennum and Jones, and they bring the case here.

The first error alleged is that the court had no jurisdiction of the action or of the plaintiffs in error. This contention, so far as the justice of the peace Jones is concerned, is based on section 54 of the Code of Civil Procedure, which provides: "Actions for the following causes must be brought in the county where the cause [of action], or some part thereof, arose: * * * - Second—An action against a public officer for an act done by him in virtue or under color of his office, or for neglect of his official duty." The defendant Jones, being a justice of the peace, was a public officer. The acts done by him were the issuing of the warrant, the appointment of Morton to serve the same, and the examination and committment of Huston to jail. These acts were all performed in Hitchcock county, and were done in virtue or under color of his office as justice of the peace. Jones contends that, therefore, this action cannot be maintained against him in Webster county, and that the court had no jurisdiction of the subject-matter of the action, or of him personally. What is Huston's cause of action? Evidently his alleged malicious prosecution and false imprisonment by the defendants. The complaint moved the justice to issue the warrant, and that produced the arrest, and this occurred in Webster county. A part, at least, of Huston's cause of action, then, arose in Webster county and a part in Hitchcock county, and the suit can be maintained in either county. The action was properly brought in Webster county, and the court had jurisdiction, both of the subject-matter of the action and of the defendant Jones. (*McNee v. Sewell*, 14 Neb., 532.)

The defendant Vennum's claim of the court's want of

jurisdiction over him is based on the fact that he was a resident of, and summoned in, Hitchcock county, and that no defendant to the action was a resident of, or summoned in, Webster county, and that therefore, by the provisions of section 60 of the Code of Civil Procedure, the district court of Webster county had no jurisdiction over him. But by section 65 of the Code of Civil Procedure it is provided: " Where the action is rightly brought in any county according to the provisions of title 4, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request." Now, this action was rightly brought in Webster county, and by the service of summons on the defendant in Hitchcock county, issued from Webster county, the court obtained jurisdiction over the defendant Vennum. It follows, then, that the court had jurisdiction over both the action and both the plaintiffs in error. (*Pearson v. Kansas Mfg. Co.*, 14 Neb., 211.)

The plaintiff in error Jones requested the court to give to the jury the following instruction : " The complaint, warrant, and mittimus, upon which the arrest of the plaintiff was made and imprisoned, are not void, and you must find for the defendant Jones, unless you find that he acted wantonly and maliciously in accepting said complaint and issuing a warrant for the arrest of the plaintiff; and also in holding him to bail and issuing a mittimus by which the plaintiff was confined in jail." This the court refused, and Jones now assigns such refusal as error.

The complaint and warrant were as follows:

" COMPLAINT.

"STATE OF NEBRASKA, ⎫ ss.
COUNTY OF HITCHCOCK. ⎭

Before N. T. Jones, Justice of the Peace in and for said County.

"STATE OF NEBRASKA ⎫
      v. ⎬ For False Pretenses.
GEORGE HUSTON. ⎭

" Complaint and information of C. C. Vennum, of Hitch-

cock county, aforesaid, made in the name of the state of
Nebraska, before N. T. Jones, justice of the peace within
and for said Stratton precinct, in said county, this 26th day
of August, A. D. 1890, who, being duly sworn, on his oath
says that George Huston, on the 22d day of August, A. D.
1890, in the county aforesaid, then and there being, did
then and there violate section 125, chapter 15, of the stat-
utes of the state of Nebraska, by false pretenses and mis-
representations obtained possession of valuable property,
to-wit, one note of the value of $110, contrary to the form
of the statutes in such cases made and provided, and against
the peace and dignity of the state of Nebraska.

" C. C. VENNUM.

"Subscribed in my presence and sworn to before me this
26th day of August, A. D. 1890.

"N. T. JONES,<br>
"<em>Justice of the Peace.</em>"

"WARRANT.

" STATE OF NEBRASKA, }<br>
  HITCHCOCK COUNTY. } ss.

" *To the Sheriff or any Constable of said County:*

" T. E. Morton is hereby especially deputized to serve this
writ.

"Whereas, C. C. Vennum has made complaint in writing
and upon oath before me, one of the justices of the peace
in and for said county, that George Huston, late of the
county of Hitchcock, did, on or about the 22d day of Au-
gust, 1890, in said county of Hitchcock, violate section 125,
chapter 15, of the statutes of the state of Nebraska, by
false pretenses and misrepresentation obtained possession
of valuable papers, to-wit, one note of the value of $110,
and that George Huston has absconded from said county
of Hitchcock to Webster county :

"You are therefore commanded to pursue and arrest
the said George Huston, if found in this state, and him
convey before me, or any magistrate having cognizance of

the case in said Hitchcock county, there to be dealt with according to law.

"Given under my hand this 26th day of August, A. D. 1890.                              N. T. Jones, *J. P.*"

The complaint and warrant were informal and defective, but they were not absolutely void. They stated the substance of the criminal charge, and that is sufficient where they are attacked collaterally as they are here. (*Miller v. Woods*, 23 Neb., 200.)

The learned judge below tried the case on the theory that the action was one of false imprisonment, and so it would have been had the complaint and warrant been absolutely void, but as they were not, the facts made the case, if anything, an action for malicious prosecution. (*Wagstaff v. Schippel*, 27 Kan., 450.)

The justice of the peace, in acting upon the complaint and in issuing the warrant, acted judicially, and if he did so in good faith, with pure motives and without malice, he is not liable therefor. (*Gillett v. Thiebold*, 9 Kan., 427; *Dreyfus v. Aul*, 29 Neb., 191.)

The refusal of the court to give the instruction asked was error.

The court also instructed the jury as follows:

"You are instructed that the complaint before you, filed and sworn to before Jones, by Vennum, on the 26th day of August, 1890, and the warrant issued by said Jones for the arrest of Huston are void upon their face, and charge no criminal offense against said Huston.

"If you find from the evidence that the plaintiff was unlawfully restrained of his liberty by the unlawful acts of the defendants, you shall find for the plaintiff and assess his damages at such amount as you, in your judgment, deem fair and reasonable from the evidence before you."

To the giving of each of these instructions the defendant Vennum duly excepted, and now assigns the ruling of the court in giving them as error. By the first instruction,

the court told the jury that the complaint sworn out by Vennum was void; and by the second, that if they found that Huston had been restrained of his liberty by the unlawful acts of the defendants, they should find for the plaintiff. The court had already, in other instructions, told the jury that the action was for malicious prosecution and false imprisonment, and that to constitute false imprisonment two things were necessary, viz., the detention of the person, and the unlawfulness of such detention. As already observed, the complaint, though defective, was not void; and for swearing it out, plaintiff's action against Vennum, if anything, is an action for malicious prosecution. These instructions, taken together, left the jury free to conclude that the swearing out of the complaint by Vennum was of itself an unlawful act. To render Vennum liable to plaintiff for swearing out the complaint it must appear that Vennum's conduct in the premises was inspired by malicious motives and was without probable cause. The instructions complained of, when taken in connection with the others quoted above, took from the jury all inquiry as to Vennum's motives in making the complaint, and were erroneous.

Plaintiffs in error took exceptions on the trial to the admission in evidence of an alleged telegram received by the plaintiff. Its admission was error as no foundation was laid for it as evidence. It was not the best evidence. The original telegram sent was not produced or its absence accounted for, nor was the writing put in evidence shown to be identical with the one sent. We cannot review the court's rulings, however, because not specifically assigned as an error in the petition in error filed in this court.

On the trial plaintiff offered to prove certain statements made to him by the officer having him under arrest. These were excluded. What Morton said to plaintiff while he had him under arrest concerning the same, or the causes therefor, and what Morton did, were competent evidence. They were part of the things done.

The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.