ALONZO OSBORN, Appellant, v. GEORGE STEPHENS, Respondent.

*Malicious prosecution — proof of malice — when the place of trial should not be changed on the ground of convenience of witnesses.*

In an action brought for malicious prosecution it is necessary for the plaintiff to prove that the defendant had no probable cause to make the complaint against him and that he did so maliciously and with intent to injure the plaintiff.

One Alonzo Osborn, who owed George Stephens a small debt for groceries, had a crop of growing tobacco and assigned the same to Stephens as security for the debt. He afterwards sold such crop and applied the proceeds to his own use. Stephens, after the sale, agreed to loan the proceeds thereof to Osborn's wife on her note for four months, and did so. The note was not paid, and Osborn was arrested upon a criminal charge of larceny in Westchester county, and taken to Tompkins county, where he was discharged.

In an action brought by Osborn against Stephens for malicious prosecution the venue was laid in Westchester county, wherein Osborn resided.

*Held,* that it could not be said that the place of the transaction was entirely in Tompkins county;

That an order changing the place of trial from Westchester to Tompkins county for the convenience of witnesses should be reversed.

APPEAL by the plaintiff, Alonzo Osborn, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Westchester on the 22d day of November, 1892, directing that the place of trial of the action be changed from the county of Westchester to the county of Tompkins.

The venue as fixed by the summons and complaint in the action was the county of Westchester. A motion was made by the defendant to change the place of trial to the county of Tompkins on the ground of the convenience of witnesses, which was granted.

*A. J. Adams,* for the appellant.

*David M. Dean,* for the respondent.

BARNARD, J. :

The papers show that the defendant made a complaint upon a criminal charge of larceny in July, 1890, in Tompkins county. The first arrest of the plaintiff was made in Westchester county, where he resided. There were two complaints made upon the

same charge, and the plaintiff was discharged upon each complaint. The arrest and the discharge are not disputed. The complaint in this action is for a malicious prosecution, and the plaintiff has to prove on the trial that the defendant had no probable cause to make the complaint, and that he did so maliciously and with intent to injure the plaintiff. Upon these two issues the trial should take place in Westchester county. The facts out of which the controversy arose are these: The plaintiff owed the defendant a small debt for groceries sold him. He had a crop of growing tobacco. He assigned the crop to defendant as security for the debt. The plaintiff sold the crop and applied the proceeds to his own use. The defendant, after the sale, agreed to loan the proceeds to plaintiff's wife on a note for four months, and, did so. The note was not paid, and then followed the complaint. The fact of the giving of the note by the plaintiff's wife can be proven by the plaintiff's wife and by Grinnell Barnes, witnesses, who live in Westchester county. The plaintiff was arrested in Westchester county upon the first complaint. After his discharge he was again arrested in Tompkins county. It will be seen that the proof of the loan of the money to the plaintiff's wife is vital, and the plaintiff's witnesses to prove that live in Westchester county. It cannot be said that the place of the transaction is entirely in Tompkins county. The complaint was made there and the discharge given there, but plaintiff was a resident of Westchester county, and was taken, under circumstances of great indignity, from that county to Tompkins county.

The order should be reversed, with costs and disbursements, and the motion denied, with ten dollars costs to abide event.

PRATT and DYKMAN, JJ., concurred.

Order reversed, with costs and disbursements, and motion denied, with ten dollars costs to abide event.