In that case the cemetery association was incorporated under the act of 1847. No dead bodies had been buried in the cemetery, and the assessors contended that it was for that reason liable to be assessed under the provisions of section 2 of the act of 1879. The question whether the exemption given by that statute applied to lands owned by a corporation organized under the act of 1847 was not before the court. The case did not call for the remark of the learned judge that the "act of 1879 is not an amendment of the act of 1847, and does not relate to cemeteries owned by a corporation organized under that act." It is clear that the reason given for this dictum does not apply to the question now in controversy, and that the act of 1879 was intended to be and is applicable to all cemeteries or lands actually used and occupied for cemetery purposes.

The general provisions in the charter of the city of Yonkers (section 16, tit. 8, c. 184, Laws 1881), that "the expenses of certain local improvements shall be apportioned and assessed upon lands benefited thereby," does not repeal by implication the act of 1879, so far as it is applicable to the city of Yonkers. These provisions are not so inconsistent that one or the other must be rejected. They must be read together, and construed as if they were contained in one and the same act of legislation.

The judgment appealed from should be affirmed, with costs. All concur.

---

(63 App. Div. 413.)

### SANTERO v. TRIMBLE.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

MALICIOUS PROSECUTION—VENUE.

> Where plaintiff, a resident of Q. county, was arrested for larceny, and taken to O. county for trial, and was discharged, and subsequently brought an action in Q. county for malicious prosecution, the cause of action did not arise in O. county, and it was error to change the place of trial to such county.

Appeal from special term, Queens county.

Action by Joseph Santero, by Vito D. Santero, his guardian ad litem, against Gurden D. Trimble. From an order changing the place of trial from Queens county to the county of Oswego, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and HIRSCHBERG, JENKS, and SEWELL, JJ.

Samuel Wechsler, for appellant.
L. W. Baker, for respondent.

HIRSCHBERG, J. In May, 1900, the defendant filed a complaint with one of the justices of the peace of the county of Oswego, charging the plaintiff, a resident of Astoria, in Queens county, with the commission of the crime of larceny. A warrant was thereupon issued for the plaintiff's arrest, and he was arrested at his home and taken to Oswego county, where he was subsequently tried upon the charge and acquitted. This action is brought to recover dam-

ages because of these proceedings, under the claim of malicious prosecution.

On defendant's motion for a change of the place of trial from Queens county, where the plaintiff has laid the venue, to Oswego county, where the defendant desires it, the defendant testified to 7 witnesses, and the plaintiff to 14. Each side criticises the affidavit of the other as to its technical sufficiency, and as to the good faith and necessity of the evidence alleged to be obtainable from the prospective witnesses. Without entering into detail, it is sufficient to say that the criticism is not unjustified in either case; but that, upon making all due allowances, this order appealed from cannot be supported upon the theory that it is necessary for the purpose of subserving the convenience of witnesses. The process of weeding out still leaves more of the 14 witnesses remaining than of the 7. The order finds its main support upon the theory that the cause of action arose in Oswego county, but in this respect I think it is in conflict with the rule in this department, as declared in Osborn v. Stephens, 74 Hun, 91, 26 N. Y. Supp. 160. In that case the facts were very similar to those in the case at bar. There the plaintiff resided in Westchester county, was arrested on a charge of larceny made in Tompkins county, to which county he was taken, but discharged. He sued the defendant for malicious prosecution, and the general term reversed an order changing the place of trial from Westchester county to Tompkins county, holding that, inasmuch as the place of the transaction was not entirely in Tompkins county, the cause of action could not be said to have arisen there, in justification of the order appealed from. In view of that decision, and the large preponderance of witnesses in Queens county, the order herein should be reversed. All concur.