[Sac. No. 3715. In Bank.—June 29, 1926.]

RAY WONG, Respondent, v. EARLE C. ANTHONY, INC. (a Corporation), Appellant.

[1] VENUE—CORPORATIONS.—Under article XII, section 16, of the constitution, a corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases; and this provision applies to torts as well as to matters of contract, and applies to the place of trial and not merely to the place where an action may be commenced.

1. See 7 Cal. Jur. 118; 7 R. C. L. 695.

[2] MALICIOUS PROSECUTION — DEFINITION OF "PROSECUTION." — The term "prosecution" is sufficiently comprehensive to include every step in an action from its commencement to its final determination.

[3] ID.—DAMAGES—ELEMENTS OF.—In an action for malicious prosecution, damages may be recovered for loss of time, deprivation of liberty, injury to fame, reputation, character, mental suffering, general impairment of social and mercantile standing, injury to credit and all losses sustained to the plaintiff's business as the direct and natural result of the proceedings complained of.

[4] ID.—DIFFERENT STEPS IN PROSECUTION — LIABILITY FOR DAMAGES FOR.—In an action for malicious prosecution, since the defendant is liable, if at all, for the damage caused by every step regularly taken in the prosecution of the plaintiff, it is liable for injury naturally resulting from the arrest and imprisonment of the plaintiff, who was arrested and imprisoned in his home county, although the prosecution was commenced in another county, and such an action may be commenced and maintained, under such circumstances, in plaintiff's home county.

---

(1) 40 Cyc., p. 83, n. 89.    (2) 32 Cyc., p. 727, n. 3.    (3) 38 C. J., p. 446, n. 33, 34, 39, p. 447, n. 40, 42, 43, 44, 49.    (4) 40 Cyc., p. 83, n. 89.

APPEAL from an order of the Superior Court of San Joaquin County, denying a change of place of trial of an action for damages for malicious prosecution. George F. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Samuel M. Samter for Appellant.

George F. McNoble, Stanley M. Arndt and Herbert C. Coblentz for Respondent.

FINCH, J., *pro tem.*—Plaintiff brought this action in San Joaquin County to recover damages for alleged malicious prosecution. The plaintiff alleges that the defendant caused a complaint to be filed in the police court of Sacramento, charging him with the crime of embezzlement; that a warrant of arrest was issued out of said court and in obedience

2. See 16 Cal. Jur. 732.
3. See 16 Cal. Jur. 753; 18 R. C. L. 73.
4. See 27 R. C. L. 805.

thereto the plaintiff was arrested in Stockton and there placed in the county jail of San Joaquin County; that he was thereafter taken to Sacramento and there imprisoned in the county jail of Sacramento County; that he was tried for the alleged crime in Sacramento County and acquitted. The complaint alleges in appropriate language that the prosecution by defendant was malicious and without probable cause.

The defendant duly moved the court for a change of the place of trial to Los Angeles County on the ground that its principal place of business is in that county and not in San Joaquin County and on the further ground that the alleged obligation or liability of the defendant did not arise in the latter county. The motion was supported by an affidavit to the effect that the defendant's principal place of business is, and at the time of the commencement of this action was, in Los Angeles County. The plaintiff introduced affidavits to the effect that long prior to his arrest and at all times since he has been a resident of Stockton, San Joaquin County. The court denied the motion and the defendant has appealed.

[1] Article XII, section 16, of the constitution provides: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." "This provision applies to torts as well as to matters of contract." (*Tingley* v. *Times-Mirror Co.*, 144 Cal. 205 [115 Pac. 318].) It applies to the place of trial and not merely to the place where an action may be commenced. (*Cook* v. *Ray Mfg. Co.*, 159 Cal. 694, 696 [115 Pac. 318]; *Raphael* v. *People's Bank of Benicia*, 45 Cal. App. 115, 116 [187 Pac. 53].) Appellant does not contest the foregoing statements of the law applicable to the case but contends that "it is the instituting of the criminal proceedings which lays the foundation for the subsequent action in malicious prosecution," and that, therefore, the suit was improperly brought in San Joaquin County, citing *Hubbard* v. *Lord*, 59 Tex. 384. That was a suit for malicious prosecution of a criminal action. The decision is based upon statutory provisions essentially different from ours. The court said: "It is urged that the

case comes within the eighth exception to art. 1198 of the Revised Statutes. That exception provides that when the foundation of the suit is some crime or offense or trespass, for which a civil action in damages may lie, suit may be brought in the county where such crime, offense or trespass was committed. By art. 273 of our Criminal Code (Pen. Code, 1879), it is made an offense to institute a criminal prosecution against any person for the purpose of vexing, harassing, or injuring him. The offense consists in instituting the prosecution, or causing it to be instituted. In this case, the criminal prosecution was commenced or instituted . . . in De Witt County. The arrest in Wilson County was not the institution of the prosecution, and hence the offense' was not committed by making it, but was complete when the preliminary steps, including the issuance of the warrant, had been taken.''

[2] The term ''prosecution'' is sufficiently comprehensive to include every step in an action from its commencement to its final determination. (32 Cyc. 727.) ''The reason for the action for malicious prosecution does not lie solely in the danger of punishment but in the disgraceful imputation, the injury caused by the arrest, and the inconvenience and expense incident to defending the proceedings.'' (16 Cal. Jur. 732; *Harrington* v. *Tibbet,* 143 Cal. 78, 80 [76 Pac. 816]; *Cochran* v. *Bones,* 1 Cal. App. 729, 732 [82 Pac. 970].) [3] In such an action, damages may be recovered for ''loss of time, deprivation of liberty, . . . injury to fame, reputation, character, . . . mental suffering, general impairment of social and mercantile standing, injury to credit, . . . and all losses sustained to plaintiff's business as the direct and natural result of the proceedings complained of.'' (38 C. J. 446.) ''The general rule of law is that whoever does an illegal or wrongful act is answerable for all the consequences that ensue in the ordinary and natural course of events, though those consequences be immediately brought about by intervening agents, provided such agents were set in motion by the primary wrongdoer, or provided those acts causing the damage were the necessary or legal and natural consequence of the wrongful act.'' (*Filer* v. *Smith,* 96 Mich. 347 [35 Am. St. Rep. 603, 55 N. W. 999]; *Burke* v. *Watts,* 188 Cal. 118, 128 [204 Pac. 578].) [4] Since the defendant is liable, if at all, for the damage caused

by every step regularly taken in the prosecution of the plaintiff, it is liable for the injury naturally resulting from the arrest and imprisonment of plaintiff in San Joaquin County. That liability, which is a part of the cause of action, arose in San Joaquin County. "Provision is sometimes made by statute that a suit shall be brought in the county wherein the cause of action arose. Under such a statute, it is not necessary that an injury for which suit is brought should have wholly occurred within the county in which suit is brought." (27 R. C. L. 805; *Southern Ry. Co.* v. *Harrington,* 166 Ala. 630 [139 Am. St. Rep. 59, 52 South. 57]; *Atlantic Coast Line R. Co.* v. *Powell,* 127 Ga. 805 [9 Ann. Cas. 553, 9 L. R. A. (N. S.) 769, 56 S. E. 1006].) In *Evans* v. *Maysville & B. S. R. Co.,* 25 Ky. Law Rep. 1258 [77 S. W. 708], the plaintiff sued the defendant corporation in Greenup County for malicious prosecution and false imprisonment. The complaint alleged that the plaintiff was arrested in Mason County and carried under arrest through Greenup County and into Bath County. Section 72 of the Civil Code of Kentucky provided that an action against a corporation for a tort might be brought in the county where the tort was committed. Other sections provided that actions for injury to the person of the plaintiff or his character might be brought in the county in which the injury was done. The court said: "It matters not which of these sections of the Code is applicable to the case at bar. . . . Appellant's cause of action was for damages for the injuries alleged to have done and inflicted upon him by appellees. The county in which the injury was inflicted did not affect his cause of action, but only affected the venue thereof. . . . It was one continued transaction. For this injury, if any, appellant has a cause of action, and he had the right to elect in which county he would institute it." (See, also, *Santoro* v. *Trimble,* 63 App. Div. 413 [71 N. Y. Supp. 785]; *Ellis* v. *Baker,* 62 App. Div. 542 [71 N. Y. Supp. 88]; *Osborn* v. *Stephens,* 74 Hun, 91 [26 N. Y. Supp. 160]; *Vennum* v. *Huston,* 38 Neb. 293 [56 N. W. 970].) Generally the principal injury resulting from the malicious prosecution of a criminal action is to the feelings and reputation of the defendant therein, caused by the accusation and his arrest and imprisonment thereunder. In this respect the grounds for recovery are the same as for libel. Such injury is naturally

greatest in the county wherein the defendant resides and is engaged in business. In *Tingley* v. *Times-Mirror Co.*, 144 Cal. 205, 206 [77 Pac. 918, 919], the plaintiff, who resided in San Diego County, brought an action for libel in that county against the defendant, a corporation having its principal place of business in Los Angeles County. It was contended that "the wrong complained of consisted in printing, publishing and distributing the alleged libelous articles, which . . . was done in Los Angeles." The court said: "The liability arises where the injury occurs, and the injury in the case of libel is peculiarly at the county in which the plaintiff resides if, as is alleged, the plaintiff has published and circulated the libelous article there, and there it is that plaintiff is most injured by the publication. . . . In our opinion, libel may be maintained in the county in which the plaintiff resides, when the newspaper is circulated in that county, though published in another county, which latter is the principal place where defendant's business is located." The principle announced in that case is equally applicable in this. Undoubtedly liability in that case arose first in Los Angeles County, where the newspaper containing the libelous article was printed and published, if the plaintiff was injured by its publication therein, but she was most injured by its publication in the county of her residence. The constitutional provision is that a corporation may be sued in the county "where the . . . liability arises," not necessarily where liability first arises. For the purposes of this discussion it may be conceded that liability in this case, if any, arose first in Sacramento County, just as in the Tingley case it arose first in Los Angeles County, but the injury "is peculiarly at the county in which the plaintiff resides" and in which he was arrested and imprisoned. The fact that the defendant did not directly do anything in San Joaquin County of which complaint is made is wholly immaterial. The arrest and imprisonment in that county were the natural consequences of the accusation, ensuing in the regular course of the proceeding which the defendant set in motion.

The order denying a change of the place of trial is affirmed.

Shenk, J., Seawell, J., Curtis, J., Richards, J., and Waste, C. J., concurred.