STANTON J. WILBUR, Plaintiff, *v.* HOTEL BUFFALO et al., Defendants.

Supreme Court, Special Term, Onondaga County, January 11, 1950.

*Burd & McCarthy* for defendant.

*Harold A. Manheim* for plaintiff.

SEARL, J.   The motion seeks to change the place of trial for convenience of witnesses from Onondaga County to Erie County. Plaintiff brings the action on claims of false arrest and malicious prosecution.   A warrant for the arrest of plaintiff, charging him with petit larceny, was issued by a City Judge in the city of Buffalo.   Plaintiff's arrest, however, occurred in the city of Syracuse where he claims to have been incarcerated for substantially two days and then taken to the city of Buffalo where the proceeding was terminated and plaintiff was acquitted and discharged.

The complaint in the instant action charges both false arrest and malicious prosecution.   The distinction between these two remedies is set forth in *Graves* v. *Rudman* (235 App. Div. 380 [4th dept.]) and in an opinion by ANDREWS, J. found in *Farnam* v. *Feeley* (56 N. Y. 451).   The basis of the opinion in the latter case is taken from the English decision of *Morgan* v. *Hughes* (2 T. R. 114) to effect that "When the immediate act of imprisonment proceeds from the defendant, the action must be trespass, and trespass only; but when the act of imprisonment by one person is in consequence of information from another, then an action on the case is the proper remedy, because the injury is sustained in consequence of the act of that other."

An examination of the facts in this old English case of *Morgan* v. *Hughes,* above referred to, decided in 1788, discloses that plaintiff was arrested on a warrant issued by a Justice of the Peace charging plaintiff with the theft of a ewe and a lamb, " and shearing the same in order that they should not be known." Plaintiff charged in his declaration that the named complainant never asserted that plaintiff committed the theft but that the justice issued the warrant maliciously, contriving to injure the plaintiff.   Judge BULLER, in concurring with Judge ASHHURST, referred to by Judge ANDREWS in the *Farnam* case (*supra*), wrote: " The gravamen in the present case is that the defend-

ant personally took and arrested the plaintiff illegally, and imprisoned him; this is a false imprisonment, and is an immediate injury to the person of the plaintiff.''

Reduced to language a bit more understandable to the young practitioner of today, the same may be illustrated by the facts in *Barry* v. *Third Ave. R. R. Co.* (51 App. Div. 385). In that case a passenger upon defendant's car was arrested by a police officer at the instance of defendant's conductor. The plaintiff was taken before a police justice but no information was laid nor warrant issued. There was no judicial proceeding instituted. Plaintiff was discharged, but not acquitted. The court held that the remedy was false imprisonment; that a judicial proceeding was the essential element of an action for malicious prosecution in which the proceeding is finally and wholly terminated. This may be partially illustrative of the distinction between the two types of actions.

In the instant action, although the allegations are more or less conclusory, so far as an action for false arrest lies, they are clearly definite in alleging an action for malicious prosecution. Whether there may be sufficient proof for a trial court to submit the action on both theories, we are not now called upon to determine.

Plaintiff urges that regardless of whether an action for false imprisonment lies, that, still, under the authorities, plaintiff is entitled to have the action tried in the county of Onondaga. In *Osborn* v. *Stephens* (74 Hun 91) which was an action for malicious prosecution, the defendant instituted the proceedings in Tompkins County, but plaintiff was arrested in Westchester County. The court found that the trial should be held in the county where the arrest was made. In *Santoro* v. *Trimble* (63 App. Div. 413), in which the *Osborn* case (*supra*) is cited with approval, the complaint was filed and the warrant issued out of Oswego County. The arrest was made at plaintiff's home in Queens County and he was taken to Oswego County where he was subsequently tried and acquitted. On defendant's motion for a change of place of trial from Queens to Oswego County, the court refused to change the place of trial to Oswego County.

Defendant, in the moving papers, shows six witnesses residing in Erie County and one in Chautauqua County. Of these one is the City Judge of the City of Buffalo. It would seem that his testimony would be more or less a matter of record, and the parties may very likely stipulate that if called he would testify to a given state of facts. This might also be true as to testimony of the clerk of the court, as disclosed from his records.

So far as the evidence of plaintiff is concerned, his answering papers disclose twenty-five witnesses claimed to be necessary and material. Of these five are police officers of the City of Syracuse. Of the balance, the testimony of some may be found to be cumulative. However, it must be recognized that if plaintiff's reputation was damaged, such damage would, in all probability, be found to have occurred in the community where he was confined for some time, photographed, and fingerprinted, rather than in the city of Buffalo where he was only temporarily sojourning at a time prior to the issuance of the warrant.

The court, in its discretion, and to promote the ends of justice, denies defendants' application.

Order accordingly.