[No. 14479.   Department One. — March 29, 1892.]

JAMES KENDRICK ET AL., RESPONDENTS, *v.* DIA-
MOND CREEK CONSOLIDATED GOLD MINING
COMPANY ET AL., APPELLANTS.

PLACE OF TRIAL — UNINCORPORATED ASSOCIATION — NEGLIGENCE. — Un-
der section 16 of article XII. of the constitution, an association of persons
organized for a particular purpose, although not formally a corporation,
may be sued for negligence in the county where its liability arose.

APPEAL from an order of the Superior Court of Nevada
County refusing to change the place of trial of an ac-
tion.

The facts are stated in the opinion.

*Niles Searls,* and *Fred Searls,* for Appellants.

*G. D. Buckley, C. W. Cross,* and *W. D. Long,* for Re-
spondents.

FOOTE, C. — This appeal is from an order of the court
below refusing to change the place of trial of the cause
from Nevada County to the city and county of San Fran-
cisco.

It appears from the complaint that the Diamond Creek
Consolidated Gold Mining Company is an association of
numerous persons joined together for the purpose of
opening, developing, and working gold mines in the
county of Nevada, state of California; that the injury
complained of was inflicted in Nevada County, and was
occasioned by their neglect in that county, while engaged
in their business there. After demurrer filed to the
complaint, the court below refused to change the place
of trial, on the ground "that the defendants are shown
by the complaint to be an association, and engaged in
business as such in the county of Nevada, where the
alleged cause of action accrued, and, as appears by the
complaint herein, the alleged injury was inflicted, and
that as such association they were, under section 16 of
article XII. of the constitution of the state of California,

liable to be sued in the county of Nevada, where the cause of action accrued.

The only argument made against this ruling seems to be that the complaint does not make it evident that the association mentioned possessed any of "the powers or privileges of a corporation," and that the word "association," as used in the section of the constitution *supra*, was intended to mean such an association as did possess such powers and privileges, and that unless such allegation descriptive of the character of the association did appear in the complaint, that it would not appear therefrom that such an association was meant as that to which the constitutional provision had reference.

The language of that section of the constitution is: " A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises or the breach occurs," etc.

It is evident that the words " corporation or association " do not convey the idea that the association meant was to have any " corporate powers or privileges," and there is nothing else in the section itself which gives color or makes a suggestion that the word " association " is intended to signify anything else than that word, standing alone, would ordinarily be taken to mean.

We think the court below was right, and that its order should be affirmed, and so advise.

VANCLIEF, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order appealed from is affirmed.