[No. 15607. In Bank.—May 31, 1895.]

THE GRIFFIN AND SKELLY COMPANY, RESPONDENT, *v.* THE MAGNOLIA AND HEALDSBURG FRUIT CANNERY COMPANY ET AL., APPELLANTS.

CHANGE OF PLACE OF TRIAL—ACTION AGAINST CORPORATION—JOINDER OF STOCKHOLDER—PLACE OF CONTRACT.—Where a plaintiff commenced an action against a corporation for damages resulting from a breach of contract, in the county where the contract was made, and joined as a codefendant, a stockholder in the corporation, to recover his proportionate amount of the corporate liability, such stockholder being a resi-

dent of another county in which the corporation has its principal place of business, upon an affidavit showing these facts, the defendants are entitled to a change of the place of trial to the latter county.

ID.—CONSTRUCTION OF CONSTITUTION—JOINDER OF DEFENDANTS—WAIVER OF RIGHT—TRIAL IN COUNTY OF RESIDENCE.—The plaintiff is entitled, as of right to the privilege given by section 16 of article XII of the constitution to sue a corporation in the county where the contract was made only when the corporation is the sole defendant in the action; and, if he chooses to join as defendants in the action others whose residence is in a different county, he waives the benefit of the provision, and cannot deprive them of a right held by them to have the action tried in the county of their residence.

ID.—TRIAL OF DEMURRER—JOINDER OF PARTIES.—The trial of a demurrer as to whether a stockholder could be united in the same action with the corporation cannot be had until after a decision upon the motion to change the place of trial.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion to change the place of trial.

The facts are stated in the opinion of the court.

*Rutledge & Pressley, A. B. Ware,* and *W. S. Goodfellow,* for Appellants.

*Mastick, Belcher & Mastick,* for Respondent.

HARRISON, J.—The plaintiff commenced this action in the superior court of the city and county of San Francisco against the defendants to recover from the corporation defendant certain damages that had resulted from its breach of contract with plaintiff, and to recover from the defendant, Merchant, upon an allegation that he is a stockholder in the corporation defendant, his proportionate amount of the corporate liability of his codefendant. The principal place of business of the defendant corporation is in the county of Sonoma, and the residence of Merchant is in the same county. Upon an affidavit showing these facts the defendants asked that the place of trial be changed to Sonoma county, and the plaintiff resisted the application upon the ground that the contract between it and the defendant corporation was made in San Francisco. The court

denied the motion, and from this order the defendants have appealed.

Section 16 of article XII of the constitution provides: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises or the breach occurs, or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial, as in other cases." It is contended on behalf of the plaintiff that by virtue of this section the action was properly commenced in the city and county of San Francisco, and that the court properly refused to change the place of trial. In *Brady* v. *Times-Mirror Co.*, 106 Cal. 56, the plaintiff commenced the action in San Diego county against the corporation whose place of business was in the county of Los Angeles, and joined with it, as a codefendant, Otis, whose residence was in the county of Los Angeles. The defendants moved for a change of the place of trial, and, in reversing the order denying their motion we said, in reference to this section of the constitution: "Under the provisions of this section, if the action had been brought against the Times-Mirror Company alone, the plaintiff's right to have the action tried in San Diego would be undoubted, but by including in the action other defendants whose residence is outside of the county of San Diego, she waived the right given by this provision of the constitution, and the motion of the defendants must be determined by the provisions of the statute." (See, also, *Smith* v. *Smith*, 88 Cal. 572.)

This provision of the constitution is in entire harmony with the provisions of the Code of Civil Procedure, and raises no conflict therewith. The plaintiff may at all times avail himself of the privilege given by the section, if the only defendant in the action is the corporation; but, if he chooses to join as defendants in the action others whose residence is in a different county, he waives the benefit of the provision. Such joining of

other defendants is his own act, and he cannot in this manner deprive them of a right held by them. (*Ah Fong* v. *Sternes*, 79 Cal. 33.) If a plaintiff would avail himself of the privilege given by this exception to the general rule, he must bring himself clearly within the exception, and is not at liberty while availing himself of this privilege to deprive a defendant other than the corporation of a right equally great which the statute has given him, to have the cause of action against him tried in the county of his residence. This provision of the constitution is merely permissive to the plaintiff (*Fresno Nat. Bank* v. *Superior Court*, 83 Cal. 491), and the provision therein that the court may "change the place of trial, as in other cases," indicates that it is no more controlling upon the action of the court than if it were a mere statutory enactment. Being a provision of the constitution the legislature cannot deprive the plaintiff of the privilege which it confers, but he has not thereby received any greater privilege than if the same provision had been made by statute. In either case it is only a rule of procedure to be acted upon by the court in connection with other rules of procedure.

The plaintiff was not required to make Merchant a defendant in the action. His liability as a stockholder is distinct from that of the corporation, and only a several judgment for his proportion of the corporate liability can be rendered against him. (Civ. Code, sec. 322.) Whether he could be united in the same action with the corporation does not arise upon this motion. That question can arise only upon a demurrer to the complaint, and a ruling upon such demurrer could not be made until after a decision upon the motion to change the place of trial. (*Ah Fong* v. *Sternes, supra.*)

The order is reversed.

Garoutte, J., McFarland, J., Temple, J., and Henshaw, J., concurred.

Van Fleet, J., being disqualified, did not participate in the foregoing decision.