[Civ. No. 1415. First Appellate District.—January 18, 1915.]

## A. N. NELSON, Appellant, v. EAST SIDE GROCERY COMPANY, et al., Respondents.

Action for Goods Sold—Parties—Joinder of Individuals and Association.—In determining who the parties to an action are the whole body of the complaint is to be taken into account and not the caption merely; and in an action for goods sold, although the caption of the complaint names as the sole defendant "East Side Grocery Company also known as Central Grocery Company," but in the body of the complaint it is alleged that three individuals named, not only associated themselves together and transacted business under the aforesaid common name or names, but also that these persons in-

dividually and also as such association bought the goods for the purchase price of which the action was brought, and it further appears that a several judgment is prayed for against each of the individuals for the full amount of plaintiff's claim, it must be held that the individuals are as fully parties defendants in the action as though their names had appeared in the caption of the complaint and that the action is in form and substance not only against the association but also against the three individuals who were alleged to compose it.

ID.—VENUE—RIGHT OF TRIAL WHERE OBLIGATION AROSE—WAIVER—RIGHT OF CHANGE TO RESIDENCE OF DEFENDANTS.—In such a case plaintiff having seen fit in substance to make the persons composing the alleged association parties defendant, and having averred a personal liability and demanded a personal judgment against each of them individually, he must be held to have waived his constitutional privilege to have his action against the association tried in the county where the obligation arose and where defendants' breach occurred, and the individual defendants are entitled to have the place of trial of the action changed to the county of their residence.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a motion for a change of venue. John Hunt, Judge.

The facts are stated in the opinion of the court.

E. B. Mering, J. W. McCaughey, and Edward J. Linforth, for Appellant.

Webster, Webster & Blewett, J. M. Thomas, and Lafayette J. Smallpage, for Respondents.

THE COURT.—Plaintiff brought this action in the city and county of San Francisco to recover upon a contract for the sale of merchandise. In the caption of his complaint the defendant is named as "East Side Grocery Company, also known as Central Grocery Company." The complaint in its body alleges the three certain persons—Jacobs, McMeniman and Frenzi—associated themselves together for the purpose of carrying on the retail grocery business in the city of Stockton; that said business was at first transacted under the name of "East Side Grocery Company," which was later changed to "Central Grocery Company"; that the merchandise for the value of which this suit is brought was sold and delivered to said persons and said company, and

was not paid for. In the prayer of his complaint the plaintiff prays for judgment against the alleged association and also against each of the persons named as composing it, for the full amount of the claim. Service of summons was made upon the individuals alleged to have thus associated themselves together under the common name. These appeared individually and moved for a change of place of trial to the county of San Joaquin, their residence. Thereupon the plaintiff presented an affidavit, showing that the contract sued upon was made and was to be performed in the city and county of San Francisco, and that there its breach occurred. This was not denied by the moving parties. The court ordered the place of trial of the action changed to the county of San Joaquin. The plaintiff appeals.

In support of his appeal the appellant cites article XII, section 16, of the constitution, which provides that "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated." Counsel for the appellant relies upon the case of *Kendrick* v. *Diamond Creek Mining Co.*, 94 Cal. 137, [29 Pac. 324], for the interpretation to be placed upon the term "association" as used in this section of the constitution, and has evidently drawn his pleading with the language of the decision in that case in view. It does not appear from anything the defendants present by way of affidavit that they are anything other than the sort of association which the plaintiff asserts them to be, but they insist that, having been sued as individuals as well as under their associate name, and a personal liability having been alleged and a personal judgment sought against each of them, they are entitled under section 395 of the Code of Civil Procedure to have the action tried in the place where they reside. To this contention the appellant opposes the case of *Kendricks* v. *Diamond Creek Mining Co.*, 94 Cal. 137, [29 Pac. 324], as holding that the association under the common name of which the respondents are found to have transacted business, out of which the appellant's chose in action arose, is such a one as is contemplated by the terms of article XII, section 16 of the constitution, and that the plaintiff has therefore the right to have the action tried in the place

where he alleges the obligation was to be performed and where its breach occurred.

The first question to be determined is as to who the parties defendant in this action are. It is true that the plaintiff in the caption of his complaint has named as the sole defendant "East Side Grocery Company, also known as the Central Grocery Company," but in the body of the complaint it is alleged that the three individuals, Jacobs, McMeniman, and Frenzi, not only associated themselves together and transacted business under the aforesaid common name or names, but it is also averred that these three persons individually and also as such association bought the goods for the purchase price of which this action is brought, and it further appears that a several judgment is prayed for against each of these individuals for the full amount of the plaintiff's claim.

It should require no argument to sustain the view that in determining who the parties to an action are the whole body of the complaint is to be taken into account, and not the caption merely. This being so, it must be held that Jacobs, McMeniman, and Frenzi are as fully parties defendant in this action as though their names had appeared in the caption of the complaint, and hence that this is in form and substance an action not only against the association, but also against the three individuals who are alleged to compose it. In other words, the plaintiff herein has not been satisfied to sue the associates under their common name, and to seek by his judgment to bind their joint property held under such common name, but he is also seeking to make the individual members of the association parties to the action and to obtain a personal judgment enforceable against the individual property of each of them. Having done this, the plaintiff must be held to have waived the privilege accorded him by the terms of article XII, section 16 of the constitution under the authority of the case of the *Griffin & Skelly Co.* v. *Magnolia etc. Co.,* 107 Cal. 378, [40 Pac. 495]. That was an action against a corporation and also against a stockholder thereof, wherein the plaintiff sought to recover judgment against the corporation upon an alleged liability, and also sought to recover a personal judgment against the stockholder for his proportionate share of such liability. The stockholder moved for a change of venue to the place of his

residence. The supreme court, in holding him entitled to have his motion granted, and in construing the foregoing provision of the constitution, says: "The provision of the constitution is in entire harmony with the provisions of the Code of Civil Procedure, and raises no conflict therewith. The plaintiff may at all times avail himself of the privilege given by the section if the only defendant in the action is the corporation, but if he chooses to join as defendants in the action others whose residence is in a different county, he waives the benefit of the provision." This ruling has direct application to the facts of the case at bar; the plaintiff having seen fit in substance to make the persons composing the alleged association parties defendant, and having averred a personal liability and demanded a personal judgment against each of them individually, he must be held to have waived his constitutional privilege to have his action against the association tried in the county where the obligation arose and where its breach occurred.

It follows that the motion for a change of venue herein was properly granted. The order is affirmed.

A petition for a rehearing of this cause was denied by the district court of appeal on February 17, 1915, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 18, 1915.