[Civ. No. 3875.  First Appellate District, Division One.—August 12, 1921.]

## ISAAC STRASSBURGER, Respondent, v. SANTA FE LAND IMPROVEMENT COMPANY (a Corporation), et al., Appellants.

[1] PLACE OF TRIAL—ACTION AGAINST CORPORATION—JOINDER OF INDIVIDUALS — RIGHT TO TRANSFER TO COUNTY OF RESIDENCE. — The right, conferred by section 16 of article XII of the constitution, to sue a corporation in a county other than that of its residence or in which its principal place of business is situated, is not waived by the joinder of individuals as defendants; and where, in accordance with that constitutional provision, a corporation is sued in a county other than that of its residence, and individuals are joined as defendants, the latter have the right to have the place of trial changed to the county of their residence, but the corporation has not that right.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion for change of place of trial. John J. Van Nostrand, Judge. Affirmed.

The facts are stated in the opinion of the court.

U. T. Clotfelter, Robert Brennan and M. W. Reed for Appellants.

Henry Ach and J. D. Lederman for Respondent.

KERRIGAN, J.—This is an appeal from an order denying an application for a change of the place of trial.

The plaintiff commenced this action in the city and county of San Francisco against the defendants to recover damages for alleged false representations and fraudulent concealments whereby the plaintiff was induced to part with an undivided one-fourth interest in certain lands described in the complaint for a sum greatly less than their value. The two defendants, sued under the fictitious names of John Doe and Richard Roe, have not been served with a summons, nor have they appeared in the action. The corporate defendants appeared by demurrer, and at the same time

filed and served a demand in writing for a change of the place of trial from the city and county of San Francisco to the county of Los Angeles. They also filed an affidavit of merits, and an affidavit showing substantially that at the time of the filing of the complaint the two corporate defendants were residents of and their principal place of business was and is the county of Los Angeles. It is also averred in said affidavit, but upon information and belief only, that neither of the defendants sued under fictitious names resides in the city and county of San Francisco.

According to the allegations of the complaint the liability of the defendants forming the basis of the action arose in the city and county of San Francisco; and plaintiff's position is that so far as any right is given by law to a defendant corporation in relation to the place of trial of an action of the character here involved, he is entitled to have the present action tried in the city and county of San Francisco by virtue of the provisions of section 16 of article XII of the constitution of this state. That section reads as follows: "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

[1] It is contended by the appellants, however, that by joining John Doe and Richard Roe as defendants (whom they assume to be individuals and not corporations) the plaintiff waived his right to commence his action in the county in which the alleged liability arose, if such county was not the residence of the defendants or any of them, and that accordingly it was the duty of the trial court to grant the motion of the defendant corporation to change the place of trial to the county of their residence or principal place of business upon showing by affidavit that none of the defendants, corporate or individual, resided within the city and county of San Francisco.

With this contention we cannot agree. Granting, for the sake of argument, that John Doe and Richard Roe are not corporations or associations, but individuals residing without

the city and county of San Francisco, nevertheless we cannot see that such facts confer upon the defendant corporations any right to have the place of trial changed upon that ground. With the exception of actions concerning title to and possession of real property, and enforcement of liens thereon, actions may be commenced in any county in the state subject to the power of the court to change the place of trial as provided in the Code of Civil Procedure, which in section 395 provides that all actions other than those thus enumerated must be tried in the county in which the defendants or some of them reside. The rule thus laid down antedates the adoption of section 16 of article XII of the constitution above set forth, and is necessarily modified by it to the extent that corporations and associations are now permitted to be sued in the county where the alleged liability arose or breach of contract occurred. Construing this new provision of the constitution the supreme court in the case of *Fresno Nat. Bank* v. *Superior Court,* 83 Cal. 491, [24 Pac. 157], said: "Without leading to any conflict, this section has the effect to permit a corporation to be sued in certain counties other than that of its residence or principal place of business, at the option of the plaintiff, and to deny to corporations the absolute right of a change of venue when sued in such other counties. This effected an important change in the law as it existed before the adoption of the present constitution, in so far as it denies the absolute right of the corporation to a change of venue to the county of its principal place of business, when sued in any one of the other counties named in the section; and this seems to be the only effect intended."

It is, however, clear that it was not the intention of the framers of the constitutional provision in question to deprive an individual defendant of his right to have an action against him tried in the county of his residence, and he is not deprived of this right because a corporation is joined with him as a defendant. (*Griffin & Skelly Co.* v. *Magnolia Co.,* 107 Cal. 378, 380, [40 Pac. 495].) In the case at bar John Doe and Richard Roe have made no demand for a change of the place of trial. They may or may not exercise that right, but in any event it is no concern of a co-defendant corporation. We can conceive of no reason why,

because a plaintiff's right of action is against both a corporation and an individual he is deprived *ipso facto* of a right given by the constitution to commence his action in a particular county. It is true that that right may become ineffective by the exercise of the right of an individual defendant to have the action removed to the place of his residence; but in the absence of the exercise of that right, the right given to the plaintiff remains intact.

These views are not in conflict with any case relied upon by the appellants. In *Tingley* v. *Times-Mirror Co.*, 144 Cal. 205, [77 Pac. 918], the Times-Mirror Co., a corporation, was the only defendant, and its motion was denied.

In the cases of *Brady* v. *Times-Mirror Co.*, 106 Cal. 56, [39 Pac. 209]; *Griffin & Skelly Co.* v. *Magnolia Co.*, 107 Cal. 378, [40 Pac. 495], and *Nelson* v. *East Side Grocery Co.*, 26 Cal. App. 344, [146 Pac. 1055], all the individual defendants had appeared and moved for a change of the place of trial, either alone, as in the first named case, or in conjunction with their corporation codefendants, as in the other two cases. In speaking in those cases of a "waiver" by the plaintiff of his right as against the corporation defendant to have the cause tried in the county in which the liability arose, through the joining of individual defendants resident in another county, the term cannot be construed in any technical sense. Clearly, what was meant is that the right given to the plaintiff as against a corporation defendant could be rendered ineffective by the absolute right of the individual defendants to have the cause tried in the county of their residence. If a plaintiff's right of action is joint as against a corporation and an individual, if he desires to pursue the individual he is bound to join him as a defendant. This necessity confers no additional right upon the corporation defendant; and if the plaintiff brings his action where the liability arose it is not for the corporation to set up the right of a codefendant for its own advantage. In none of the cases cited by the appellants was the motion made by the corporation alone, and consequently they do not sustain the principle for which the appellants here contend.

Order affirmed.

Richards, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 10, 1921.

All the Justices concurred, except Shaw, J., who was absent.