[Civ. No. 3927.    Second Appellate District, Division One.—July 5, 1922.]

GROVER MEYROSE, Respondent, v. PACIFIC ACCEPT-
    ANCE CORPORATION (a Corporation), et al., Ap-
    pellants.

[1] PLACE OF TRIAL—RECOVERY OF POSSESSION OF AUTOMOBILE—COR-
    PORATION AND INDIVIDUAL DEFENDANTS — CHANGE TO PRINCIPAL
    PLACE OF BUSINESS OF CORPORATION—MOTION PROPERLY DENIED.—
    A motion for an order changing the place of trial of an action
    for the recovery of the possession of an automobile brought against
    a corporation and two individual defendants to the county in which
    the corporation has its principal place of business is properly
    denied in the absence of any showing as to the residence of the
    individual defendants other than that they are not residents of the
    county in which the action is brought.

APPEAL from an order of the Superior Court of Kern
County refusing to change the place of trial.    J. W. Mahon,
Judge.    Affirmed.

The facts are stated in the opinion of the court.

Brownstone & Goodman, Kaye & Siemon and L. E.
Nathan for Appellants.

Merriam, Rinehart & Merriam for Respondent.

JAMES, J.—Plaintiff brought this action to recover pos-
session of an automobile, alleging that defendants wrong-
fully took the property from his possession on the fourth
day of August, 1921, at a place in the county of Kern, and
that defendants refused, upon the demand of the plaintiff,
to return it to him.    There was the usual allegation also
that plaintiff was at all times the owner and entitled to the
immediate possession of the property.    To that complaint a
demurrer was filed on behalf of the corporation defendant
and defendants Dalton and Russell, which defendants at
the same time made written demand for change of place of
trial and gave notice of a motion for an order to transfer
the cause from the county of Kern to the superior court of
the city and county of San Francisco.    The motion was
based on the files in the case and an affidavit of the secre-

tary of the defendant corporation. In denying the motion the court made the following order: "This motion came on regularly for hearing of motion for defendants for change of place of trial of cause from the County of Kern to the City and County of San Francisco and it appearing that the defendant Pacific Acceptance Corporation is a corporation and has its principal place of business in the City and County of San Francisco, and from an affidavit on file herein that defendants Dalton and Russell do not reside in the County of Kern, it nowhere appearing from affidavit or otherwise in what counties said defendants Dalton and Russell do reside or that they reside at all within the State of California, it is therefore ordered that said motion for change of venue be and the same is hereby denied." The defendants hereinbefore named have appealed from the order refusing to change the place of trial.

[1] It was a fact, as recited in the court's order, that the place of residence of the defendants Dalton and Russell was not made to appear. As to these individual defendants the affidavit presented to the court showed only that they were not residents of the county of Kern at the commencement of the action. It did appear by the affidavit that the principal place of business of the corporation defendant was at the city and county of San Francisco. If the matter be considered for the moment as though the corporation had been the only defendant, it is clear enough that the order denying the change of place of trial was proper to be made. The constitution (sec. 16, art. XII) provides that a corporation may be sued "where the obligation or liability arises," or in the county where the principal place of business is situated. By the allegations of the complaint it appeared that the obligation of that defendant arose immediately upon its having taken possession of plaintiff's automobile, which act occurred, as alleged, in the county of Kern. (*Trezevant* v. *Strong Co.*, 102 Cal. 47 [36 Pac. 395]; *Cook* v. *Ray Mfg. Co.*, 159 Cal. 694 [115 Pac. 318].) Appellants insist, however, that because of the joinder of the individual defendants who were not residents of the county of Kern, the privilege accorded to the plaintiff by the constitution to bring this action in the county where the obligation arose was taken away, and the cases of *Brady* v. *Times-Mirror Co.*, 106 Cal. 56 [39 Pac. 209],

*Griffin & Skelly Co.* v. *Magnolia & Healdsburg Fruit Cannery Co.,* 107 Cal. 378 [40 Pac. 495], and *Sourbis* v. *Rhodes,* 50 Cal. App. 98 [194 Pac. 521], are cited as sustaining this proposition. Those decisions upon examination will show that the court determined only that the right of individual defendants, resident in a county other than that in which the action was commenced, to have the place of trial changed to the county of their residence (Code Civ. Proc., sec. 395) could not be affected by the fact that a corporation had been joined with them as party defendant. The individual defendants in this case made no demand upon the court that it should change the place of trial to the residence of either of them. They made no showing as to where they resided beyond that they did not reside within the county of Kern. (*Strassburger* v. *Santa Fe Land Improvement Co.,* 54 Cal. App. 7 [200 Pac. 1065].) The defendant corporation could not complain of the order because of its effect upon the right of the individual defendants, and the showing made by the latter was insufficient, for the reason stated, to warrant the court in granting the motion for the change.

The order is affirmed.

Conrey, P. J., and Shaw, J., concurred.