[S. F. No. 12185. Department Two.—April 12, 1928.]

LAURA HEIDEL Respondent, v. CALIFORNIA TRANSIT CO. (a Corporation), Appellant.

Earl A. Bagby for Appellant.

Burns & Watkins for Respondent.

LANGDON, J.—This is an appeal by the defendant from an order denying its motion for change of place of trial. The action was brought in the county of Fresno, state of California, the residence of the plaintiff, to recover for per-

sonal injuries alleged to have been sustained by reason of the negligence of defendant. The defendant appeared by demurrer and at the same time served and filed an affidavit of merits and a written demand for a change of place of trial to the county of Alameda. That affidavit, as well as the complaint on file, showed that the injury had occurred in the county of Sacramento, state of California. It was set forth in the affidavit: "That said defendant is a corporation organized, existing and doing business under and by virtue of the laws of the state of California, and having for its principal place of business the city of Oakland, county of Alameda, state of California." Is was further alleged that the defendant was served with summons in the said county of Alameda and "that said defendant is a resident of said county and is not and never has been, during any of the times mentioned in the complaint, a resident of the county of Fresno and that said county of Fresno is not and never has been the principal place of business of said corporation."

█ It will be noted that the affidavit contains no allegation as to the residence or principal place of business of the defendant corporation at the time of the commencement of the action, as required by section 395 of the Code of Civil Procedure. Under said section of the code, the defendant might have moved to have the action tried at the county where the injury occurred, but it did not see fit to do so. A notice of motion, such as was given in this case, to change the place of trial to the county of appellant's residence will not support a motion for a change to some other and different county.

It appears, therefore, that the affidavit did not support the motion made under section 395 of the Code of Civil Procedure, and that the trial court properly denied the motion. The order appealed from is affirmed.

Richards, J., and Shenk, J., concurred.