[Civ. No. 10568. First Appellate District, Division Two.—December 24, 1937.]

FRANCES B. WALKER et al., Respondents, v. WELLS FARGO BANK AND UNION TRUST CO. (a Corporation) et al., Appellants.

Archibald B. Tinning, Tinning & De Lap, Lloyd W. Dinkelspiel, Richard E. Guggenhime and Heller, Ehrman, White & McAuliffe for Appellants.

McAdoo, Neblett & Warner, William H. Neblett, Harry W. Dudley and Allan H. McCurdy for Respondents.

SPENCE, Acting P. J.—Plaintiffs, as beneficiaries of a testamentary trust, brought this action in the Superior Court in Contra Costa County against defendant Wells Fargo Bank and Union Trust Co., a corporation, and defendant Alberta Bancroft Reid, said defendants being the trustees of the trust created by the decree of distribution made and entered in the Superior Court of Contra Costa County pursuant to the last will and testament of Fanny Watts Bancroft, deceased. Said defendants joined in a motion for change of venue to the city and county of San Francisco. The trial court made its order denying said motion, and from said order, defendants appeal.

The nature of the action, as stated by appellants and concurred in by respondents, was one which charged the defendants ''with wrongfully, fraudulently and falsely charging the trust estate with commissions, with procuring secret profits, with having 'looted' the estate, and with having fraudulently served their own selfish and private purposes, and which sought a variety of relief, including removal of the trustees, full disclosure with respect to all dealings with the trust estate, an accounting, judgment against the defendants individually for an amount necessary to make full restitution of the allegedly appropriated funds, for profits purported to have been made by the defendants from dealings with the trust estate, for punitive damages on account of allegedly unlawful acts and for compound interest''. In other words, the action was based upon the alleged wrongdoing of the trustees in the administration of the trust. It is conceded that such an action is a transitory action and, if brought against a single individual trustee, the latter would have the right to a change of venue to the county of his residence under section 395 of the Code of Civil Procedure. (*Weygandt* v. *Larson,* 130 Cal. App. 304 [19 Pac. (2d) 852]; *Spangenberg* v. *Spangenberg,* 123 Cal. App. 387 [11 Pac. (2d) 408].)

In the present case, however, the action was brought against a corporation, whose principal place of business was in the city and county of San Francisco, and also against an indi-

vidual defendant, whose place of residence was in the county of Alameda. The motion of defendants for a change of venue from Contra Costa County to the city and county of San Francisco was based upon these grounds and upon the further ground that the action was not one within the meaning of article XII, section 16 of the Constitution which provides that a corporation may be sued in places other than its principal place of business under certain circumstances. The motion was supported by appropriate affidavits and no counter-affidavits were filed.

Defendants contend that the trial court erred in denying said motion and in our opinion said contention must be sustained. ■ We find it unnecessary to determine whether the cause was one within the meaning of article XII, section 16 of the Constitution, for by joining the individual defendant with the corporate defendant, plaintiffs waived the benefit of the constitutional provision at least so far as the individual defendant was concerned. (*Griffin & Skelly Co.* v. *Magnolia etc. Co.,* 107 Cal. 378 [40 Pac. 495]; *Brady* v. *Times-Mirror Co.,* 106 Cal. 56 [39 Pac. 209]; *Strassburger* v. *Santa Fe L. I. Co.,* 54 Cal. App. 7 [200 Pac. 1065].) ■ It is therefore conceded by plaintiffs that the individual defendant ''had the absolute right to a change of venue to the county of her residence''. But they claim that by joining in the motion for a change of venue to the city and county of San Francisco, the individual defendant waived her right to a change of venue. We do not believe that his claim can be sustained as it is based upon a misconception of the right of the individual defendant.

While the so-called right to a change of venue is ordinarily exercised by a defendant by moving for a change to the county of his residence, it does not follow that a defendant is always entitled to a change to the county of his residence nor does it follow that he may not be entitled to a change to the county of the residence of a codefendant. The right with which we are dealing is based upon section 395 of the Code of Civil Procedure, which reads in part as follows: ''In all other cases, . . . the county in which the defendants, *or some of them,* reside at the commencement of the action, shall be a proper county for the trial of the action.'' (Italics ours.) The county in which the principal place of business of a corporation is located, is the county where it resides

within the meaning of said section and if the present action had been brought either in the city and county of San Francisco or in the county of Alameda, the defendant residing in the other county would not have had the right to a change of venue to the county of the latter's residence. (*McClung* v. *Watt*, 190 Cal. 155 [211 Pac. 17].) But as the action was brought in a third county, which was not the county of residence of either defendant, we are of the opinion that the individual defendant residing in the county of Alameda had the right to a change of venue to "the county, in which the defendants, or some of them", resided, and was therefore entitled to move the court for a change of venue to either the county of Alameda or the city and county of San Francisco. Both defendants here joined in the motion for a change to the city and county of San Francisco, and while the corporation was not entitled to such a change on its own behalf (*Strassburger* v. *Santa Fe L. I. Co., supra*), the situation presented to the trial court was one where there was a motion duly made by the individual defendant for a change to a proper county and there was no conflicting motion made by a codefendant. We conclude that the motion of the individual defendant should have been granted.

The order is reversed with directions to the trial court to grant said motion.

Sturtevant, J., and Goodell, J., *pro tem.,* concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 21, 1938.