[Civ. No. 5493. Fourth Dist. Aug. 27, 1957.]

E. C. RUTHERFORD, Respondent, v. NEW YORK HANSEATIC CORPORATION (a Corporation) et al., Appellants.

---

Maurice J. Hindin and Benjamin L. Susman for Appellants.

William N. Byrd and Joseph E. Schmitt for Respondent.

MUSSELL, J.—This action to recover damages for malicious attachment was filed by plaintiff in the county of Imperial on January 8, 1957. On February 1, 1957, the defendants, New York Hanseatic Corporation, Carnegie Chemical Manufacturing Corporation, and Irwin Cornell each filed a motion for change of venue of the action from the county of Imperial to the county of Los Angeles. These motions were based upon the ground that the county of Imperial was not the proper county for the trial of the action in that said defendants and each of them were at the time of the commencement of the action and ever since have been residents of the county of Los Angeles. The motions on behalf of the defendant corporations were also made upon the grounds that at the time of the commencement of the action said corporations maintained offices and had their principal places of business and principal offices within the State of California, in the county of Los Angeles, and that neither of said corporations maintained any business or office in the county of Imperial. Affidavits of merits were filed in support of the motions for change of venue and concurrently with the filing of these motions, each of the moving defendants filed individual demurrers, accompanied by memorandums of points and authorities. The hearing on the motion for change of venue was set by the court for February 15, 1957, and on February 14, 1957, plaintiff filed a dismissal of the action, without prejudice, against the individual defendant, Irwin Cornell. The motions of defendant corporations for change of venue were

denied by the court and they appeal from the order denying their motions.

 Article XII, section 16, of the California Constitution provides that "A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." This provision applies to torts as well as to matters of contract. (*Ray Wong* v. *Earle C. Anthony, Inc.,* 199 Cal. 15, 17 [247 P. 894].)

In *Liera* v. *Los Angeles Finance Co.,* 99 Cal.App.2d 254 [221 P.2d 737], plaintiff filed an action in Imperial County against two Los Angeles corporations for damages for wrongful attachment of plaintiff's wages. Defendant corporations moved for change of venue. The motion was denied by the trial court and its order was affirmed on appeal. This court there held that the defendant corporations could be sued in Imperial County by reason of the fact that the obligation or liability arose in that county and that in considering an appeal from an order denying motion for change of place of trial, for the purposes of the motion, the allegations of the complaint must be taken as true.

 The complaint herein contains allegations that the attachment was levied upon real and personal property of the plaintiff situated in Imperial County. We conclude that although defendants instituted the action in which the return of attachment was issued in Los Angeles County, the levy on the attachment on the property of plaintiff in Imperial County created a liability in that county within the meaning of the cited constitutional provision.

 Appellants' contention that the plaintiff failed to sustain the necessary burden of proof to defeat the motions for change of venue is without merit. The allegations of plaintiff's complaint must be taken as true. In *Pacific Bal Industries* v. *Northern Timber, Inc.,* 118 Cal.App.2d 815 [259 P.2d 465], it was held that upon a motion for change of venue by a defendant corporation, the burden rests upon the defendant corporation and not on the plaintiff to show that the action has not been brought in a county authorized by section 16 of article XII of the state Constitution, and that section 16 is permissive and does not prevent a plaintiff from suing in any county in the state. The court also concluded

that the appellant corporations were not entitled, in their own right, to a change of venue and that they could not avail themselves of the individual defendants' rights in this regard. (Citing *Strassburger* v. *Santa Fe L. I. Co.*, 54 Cal.App. 7 [200 P. 1065]; *Walker* v. *Wells Fargo Bank & U. T. Co.*, 24 Cal.App.2d 220, 223 [74 P.2d 849].)

We are not here concerned with the right of the individual defendant (Irwin Cornell) to change the place of trial as the action was dismissed as to him before the hearing on the motion for change of venue. This dismissal by plaintiff was made under the provisions of section 581, subd. 1, of the Code of Civil Procedure and therefore required no court action. The action was then pending as to the two defendant corporations and their rights to a change of venue were governed by the cited constitutional provision.

The order denying change of venue is affirmed.

Barnard, P. J., concurred.

A petition for a rehearing was denied September 17, 1957, and appellants' petition for a hearing by the Supreme Court was denied October 23, 1957.