[Civ. No. 23875. Second Dist., Div. Three. Apr. 28, 1960.]

RALPH G. SEARLS, Respondent, v. GREYHOUND CORPORATION (a Corporation) et al., Defendants; WESTERN GREYHOUND LINES, DIVISION OF THE GREYHOUND CORPORATION (a Corporation), Appellant.

*Assigned by Chairman of Judicial Council.

Gilbert, Thompson & Kelly for Appellant.

Joan H. Martin for Respondent.

SHINN, P. J.—This is an appeal by Western Greyhound Lines, a Division of The Greyhound Corporation, from an order denying its motion for a change of venue from the Superior Court of the County of Los Angeles to the Superior Court of the City and County of San Francisco. The motion was made in an action wherein plaintiff sought recovery of damages for personal injuries allegedly sustained by him in a bus accident occurring near Tangent, Oregon. The grounds of the motion were that defendant "was at the time of the accident described in plaintiff's complaint and at the time of the commencement of the within action, and now is, a Division of The Greyhound Corporation, a Delaware corporation, authorized to do and doing business in the State of California; and its principal place of business was and now is in the City and County of San Francisco, State of California, and that said corporation did not and does not now maintain a principal place of business in the County of Los Angeles, State of California; and that the accident sued upon in said complaint did not occur in said County of Los Angeles. . . ."

Article XII, section 16 of the California Constitution reads: "A corporation or association may be sued in the

county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases.'' The constitutional provision relates to the place of trial, not merely to the place where an action may be commenced, and it applies to actions sounding in tort as well as to actions upon contract. (*Ray Wong* v. *Earle C. Anthony, Inc.*, 199 Cal. 15 [247 P. 894].)

With respect to foreign corporations, chapter 3 of title I, division I, part XI of the Corporations Code sets forth requirements with which the corporation must comply in order to lawfully transact intrastate business. It is now settled that a foreign corporation which has complied with these provisions is entitled to a transfer of the place of trial of a transitory action to the county where its principal place of business is situated if the action was not commenced in one of the other counties specified in article XII, section 16 of the Constitution. (*Bohn* v. *Better Biscuits, Inc.*, 26 Cal.App.2d 61 [78 P.2d 1177]; *Hale* v. *Bohannon,* 38 Cal.2d 458 [241 P.2d 4].) However, a foreign corporation which has not complied with chapter 3 has not acquired a principal place of business within this state upon which it may base a demand for a change of venue. (*Warren* v. *Ritter,* 61 Cal.App.2d 403 [142 P.2d 948]; *Hale* v. *Bohannon, supra,* 38 Cal.2d 458, 475; see also *Kane* v. *Universal Film Exchanges,* 32 Cal.App.2d 365 [89 P.2d 693, 91 P.2d 577].)

In support of its motion defendant submitted an affidavit of one Grant containing the following material allegations: ''That he is Assistant Secretary of Western Greyhound Lines, a Division of The Greyhound Corporation, a Delaware corporation; that said Western Greyhound Lines is authorized to do and doing business in the State of California, that its principal place of business is in the City and County of San Francisco, State of California, and not in the County of Los Angeles, California.'' There was also submitted an affidavit of merits whose sufficiency is not in question.

Plaintiff contends that the motion was properly denied because of the insufficiency of Grant's affidavit as proof of its right to a transfer of the action.

Defendant had the burden of proving its right to a change of venue. (*Rutherford* v. *New York Hanseatic Corp.,* 153 Cal.App.2d 462 [314 P.2d 560].) It could only have met its burden by an adequate showing of compliance with the

statutory provisions. At the time when plaintiff brought suit, a foreign corporation was required, as a prerequisite to the transaction of intrastate business, to file a copy of its articles with the Secretary of State and with the clerk of the county of its principal place of business in California (Corp. Code, §§ 6400, 6401), and to file with the former a statement setting out the location and address of its main office and its principal office in California, designating an agent for service of process upon the corporation and giving its irrevocable consent to service upon the agent or upon the Secretary of State. (Corp. Code, § 6403.)

Plaintiff points out in his brief that Grant's affidavit failed to state that defendant's principal place of business was in the City and County of San Francisco at the time the action was commenced, citing *Heidel* v. *California Transit Co.*, 204 Cal. 21 [266 P. 290] (see Code Civ. Proc., § 395). However, upon the oral argument counsel for plaintiff stated with commendable fairness that the point had not been urged upon the hearing of the motion. Had this technical objection been raised, defendant no doubt would have been given an opportunity to correct the omission. If the affidavit should be held defective at this time defendant could not be given the same opportunity. Plaintiff did not file a counteraffidavit on the motion, which he no doubt would have done if defendant had not been qualified to do intrastate business at the time the action was commenced.

At the oral argument, counsel for the parties joined in a statement that the motion was denied upon the authority of *Rains* v. *Diamond Match Co.*, 171 Cal. 326 [153 P. 239]. But the later cases such as *Bohn* v. *Better Biscuits, Inc., supra,* 26 Cal.App.2d 61 and *Hale* v. *Bohannon, supra,* 38 Cal.2d 458, are controlling.

We note that the averment that defendant is "authorized" to do intrastate business is an inept way of alleging that it had complied with the requirements of the Corporations Code. This might mean only that it is so authorized by its charter, but no point is made of the ambiguity.

The order is reversed.

Vallée, J., and Ford, J., concurred.

A petition for a rehearing was denied May 24, 1960, and respondent's petition for a hearing by the Supreme Court was denied June 22, 1960.