[Civ. No. 22345. First Dist., Div. Three. Jan. 7, 1965.]

PACIFIC AIR LINES, INC., Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; ADRIENNE LACAU et al., Real Parties in Interest.

Bronson, Bronson & McKinnon and Ernest M. Thayer for Petitioner.

No appearance for Respondent.

Hoberg, Finger, Brown & Abramson, Robert L. Bianco and James R. Haughey for Real Parties in Interest.

DRAPER, J.—Petitioner is defendant in wrongful death actions filed in San Francisco by real parties in interest as plaintiffs. Petitioner's motions for change of venue to San Mateo County were denied, and it sought writ of mandate (Code Civ. Proc., § 400). We issued alternative writ.

Each motion for change of venue was supported by declaration stating: "I, Clarence A. Myhre, declare under penalty of perjury: I am an officer" of defendant corporation. The declaration then avers that defendant was and is an Arizona corporation qualified to do business in California and having its principal place of business in San Mateo County, and that the accident in issue occurred in Contra Costa County.

Real parties first contend that the declaration is insufficient in that it fails to state the facts declared "to be true" (Code Civ. Proc., § 2015.5). This return to the overly technical requirements of early common law pleading is not only repugnant, but is not required by the authority cited (*Gee*

*Chong Pong* v. *Harris,* 38 Cal.App. 214 [175 P. 806]). There a partnership purportedly was sworn, but an individual signed. The court pointed out that no prosecution for perjury would lie against the non-signing partners, and the signer would be similarly immune since he had not been sworn and did not purport as an individual to state the facts. Mere addition of a jurat to a letter, without any indication that the signers vouched for the letter's statements, has been held insufficient as verification of a claim (*Hoffman* v. *City of Palm Springs,* 169 Cal.App.2d 645 [337 P.2d 521]).

These decisions state that the test of sufficiency of an affidavit is whether an indictment for perjury will lie if it is false. Such a prosecution will lie upon an affidavit reciting that affiant, "being first duly sworn deposes and says" specific matters, although it contains no averment that its contents are true (*People* v. *Teixeira,* 59 Cal.App. 598, 603-604 [211 P. 470] [conviction reversed upon other grounds]). Here, as in *Teixeira* (p. 604), "it sufficiently appears that . . . affiant attested the truth of what was stated . . . ." And a recital, over jurat, that a claimant "states" a foregoing claim to be true is adequate, even though it does not recite that affiant was sworn (*Osborn* v. *City of Whittier,* 103 Cal.App.2d 609, 618-619 [230 P.2d 132]). Every statement in the document before us is declared "under penalty of perjury," and clearly is vouched for by declarant. It would be undue exaltation of form to hold that it falls short of stating that its contents are true.

Real parties also attack the substantive sufficiency of petitioner's declaration. Venue in an action against a corporation may be laid in the county "where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated" (Cal. Const., art. XII, § 16). Petitioner's declaration states (and the fact is conceded to be) that the accident which caused the deaths here sued upon occurred in Contra Costa County, and that petitioner's principal place of business is in San Mateo County. Since in tort the liability arises where the injury occurs (*Tingley* v. *Times-Mirror Co.,* 144 Cal. 205, 206 [77 P. 918]; *Shida* v. *Japan Food Corp.,* 185 Cal. App.2d 443, 448 [8 Cal.Rptr. 271]), and here there is no basis for finding that the breach of duty occurred elsewhere, it is adequately established that San Francisco is not a proper

county for trial of this tort action (see 1 Witkin, Cal. Procedure (1954) 745).

Real parties, however, contend that "in the absence of an affirmative showing to the contrary, the presumption is" that the county in which the action is brought is the proper county (*Smith* v. *Stanford Research Institute,* 212 Cal.App.2d 750, 753 [28 Cal.Rptr. 481], and cases there cited). They seek to expand this rule to require negation of contract venue, even when the complaint clearly states a cause of action in tort alone. But to wrench such an excerpt from an opinion, without consideration of the pleadings with which it dealt, is to distort it.

The true rule is that in venue matters we look to the complaint to determine the nature of the action (*Eckstrand* v. *Wilshusen,* 217 Cal. 380, 381 [18 P.2d 931]), where, as in our case, there is no counteraffidavit by plaintiff amplifying his complaint (1 Witkin, Cal. Procedure (1954) 704). There is no logical reason to look to rules governing venue of contract actions in determining proper place of trial of an action which is solely in tort. Petitioner's declaration shows that San Francisco is not a proper county for trial of this tort action. Thus transfer to San Mateo County, where petitioner's principal place of business is located, is proper (see *Searls* v. *Greyhound Corporation,* 180 Cal.App.2d 463 [4 Cal.Rptr. 206]).

The remaining point raised by real parties was not presented to the trial court, and cannot be raised here for the first time (*Searls* v. *Greyhound Corporation, supra,* p. 466).

Let peremptory writ of mandate issue as prayed.

Salsman, J., and Devine, J., concurred.

The petition of the real parties in interest for a hearing by the Supreme Court was denied March 3, 1965.